P. Michael Shanley, Esq. Informal Opinion No. 99-35 City Attorney City of Oswego Oswego City Hall 13 West Oneida Street Oswego, New York 13126
Dear Mr. Shanley:
You have inquired whether a police officer covered under Second Class Cities Law § 144 and New York State Election Law § 17-110 is permitted to:
Run for and hold the office of County Legislator;
 Be a member of a political caucus as defined by Public Officers Law § 108;
 Contribute money directly to a political party or accept contributions for a campaign; and
 Attend the County Committee meetings of a political party.
The Election Law places certain limitations on the political activities of police officers. Subdivisions 1 and 2 of section 17-110 provide that it is a misdemeanor for "any officer or member of any police force" to use official powers to aid, reward or punish a political organization, citizen or officer or member of a police force because of political views or affiliation. Subdivision 3 provides that "any officer or member of any police force" who "[s]olicits, collects or receives any money for, any political fund, club, association, society or committee, is guilty of a misdemeanor." Further, Second Class Cities Law § 144 states that "any officer or member of the police department who violates any provision of section 17-110 of the election law shall be dismissed from office."
Election Law § 17-110 does not preclude the candidacy and election of a police officer to a public office. See, N Y State Bd. Of Elections, 1983 Formal Opinion No. 8; Jones v. Seneca Bd. Of Elections, 83 A.D.2d 982
(4th Dept 1981). The question remains whether the positions of city police officer and county legislator are incompatible under other statutory provisions or common law. We conclude the positions are compatible.
First, we have found no statute prohibiting the concurrent holding of these two offices. Section 411 of the County Law imposes some restrictions on dual office holding by elected county officers but does not bar county officers from holding the position of city police officer. It provides that:
 No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time another elective county or town office, or that of city supervisor.
Thus, the State Legislature has not prohibited an individual from simultaneously holding an elective county office and the position of city police officer. See, Op Atty Gen (Inf) No. 98-38.
Second, the two offices are not incompatible under common law principles. The leading case on compatibility of office is People ex rel.Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. Neither of these barriers exists here. County legislators comprise the legislative body of the county. City police officers are responsible for law enforcement within the city. One position is, therefore, not subordinate to the other. There also is no foreseeable conflict between the duties of the two positions. See, Op Atty Gen (Inf) No. 94-18 (positions of village trustee and town police officer are compatible)[1]. Therefore, we conclude that the positions of county legislator and city police officer are compatible.
We also conclude that a city police officer serving as a county legislator may participate in a political caucus. You refer to the definition of political caucus set forth in the "Open Meetings Law." Public Officers Law § 108(2)(b). Under that provision, a political caucus is
 a private meeting of members of the senate or assembly of the state of New York, or of the legislative body of a county, city, town or village, who are members or adherents of the same political party, without regard to (i) the subject matter under discussion, including discussions of public business, (ii) the majority or minority status of such political . . . caucuses or (iii) whether such . . . caucuses invite staff or guests to participate in their deliberations.
. . .
If a member of the county legislature is a member of a political party, that person will, perforce, be a member of a political caucus. Because a city police officer may serve as a county legislator, it follows that he or she may be a member of a political caucus within the county legislature. Further, participation of a city police officer in a political caucus does not violate section 17-110 of the Election Law.
Furthermore, we conclude that police officers may make, but may not solicit, collect or receive political contributions. Election Law 17-110
makes it unlawful for police officers to solicit, collect or receive any money for any political fund, club, association, society or committee. It does not prohibit police officers from making political contributions.See, N Y State Bd. Of Elections, 1983 Formal Opinion No. 5.
Finally, we conclude that under State law a city police officer is not prohibited from attending county committee meetings of any political party. Prior to 1983, section 17?110(3) prohibited police officers from joining or being a member of any political committee. In 1983, this section was amended specifically to delete that prohibition. See, N Y State Bd. Of Elections, 1983 Formal Opinion No. 9. Therefore, under State law a police officer is not prohibited from attending county committee meetings of any particular political party, provided that he does not otherwise violate the terms of the Election Law.
It should be noted that, while this opinion has reached certain conclusions under State law, it has not considered the provisions of any local laws or codes of ethics, or any collective bargaining agreements, which may apply.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General
[1] Op Atty Gen (Inf) No. 90-7, which concluded that the positions of town board member and chief of the police department of a village within the town are incompatible, is distinguishable. The incompatibility arose there from the fact that the police chief prosecuted certain cases in town court, whose budget he determined as a town board member.